IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LG CONSTRUCTION GROUP LLC, | ) |
| Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| HDI GLOBAL SPECIALTY SE, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff LG Construction Group LLC ("LG"), through its undersigned counsel, states as follows as its complaint against Defendant HDI Global Specialty SE ("HDI"):

### Nature of the Action

1. LG seeks a declaration that HDI is obligated to defend LG, as an additional insured under certain commercial general liability policies issued to RDZ Stucco Enterprise, Inc. ("RDZ Stucco"), in connection with the arbitration proceeding captioned *Laura Ricketts, as sole beneficiary with power of direction under the Trust Agreement dated April 15, 2010 and known as Trust No. 8002354843, of which Chicago Title Land Trust Company is Trustee v. LG Construction Group,* LLC (the "Ricketts Arbitration").

2. LG also seeks to recover damages for HDI's breach of its duty to defend LG in the Ricketts Arbitration.

### The Parties

3. Plaintiff LG Construction Group LLC is an Illinois limited liability company. Its member is LG Development Group LLC. LG Development Group LLC is an Illinois limited liability company. Its members are Brian Goldberg, Matt Wilke, Cuda Development Group LLC

1

and ML Development Group LLC. Brian Goldberg and Matt Wilke are Illinois residents and therefore Illinois citizens. Cuda Development Group LLC is an Illinois limited liability company. Its member is Barry Howard. Barry Howard is an Illinois resident. Consequently, Cuda Development Group LLC is an Illinois citizen. ML Development Group LLC is an Illinois limited liability company. Its member is Marc Lifshin. Marc Lifshin is an Illinois resident. Consequently, ML Development Group LLC is an Illinois citizen. Consequently, as all of its members are Illinois citizens, LG Construction Group LLC is an Illinois citizen.

4. Defendant HDI, formerly known as International Insurance Company of Hannover Limited, is a European company (*Societas Europaea*) organized under the laws of Germany with its principal place of business in Hannover, Germany.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because LG is a citizen of Illinois and HDI is a citizen of a foreign state, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because the claims arise from insurance contracts issued to RDZ Stucco in this district, and because HDI's failure to honor its obligations under the policies has caused LG to suffer damages in this district.

## Facts Common to All Counts

**I.     The Policies**

7. HDI issued to RDZ Stucco a series of commercial general liability policies under policy number IG06A009998, effective for consecutive annual periods between August 22, 2015 through August 22, 2019 (the "Policies").

8. Upon information and belief, LG is an additional insured under the Policies.

9. The Policies provide general liability coverage with a $2,000,000 limit for products/completed operations, a $2,000,000 aggregate limit, a $1,000,000 limit for each occurrence and a $1,000 deductible per occurrence.

10. Through the Policies, HDI agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of … 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages."

11. The Policies cover property damage "caused by an 'occurrence' that takes place in the 'coverage territory'" and that "occurs during the policy period."

12. Under the Policies, "property damage" means, in relevant part, "[p]hysical injury to tangible property, including all resulting loss of use of that property."

13. The Policies define "suit" to include "a civil proceeding in which damages because of … 'property damage' … to which this insurance applies are alleged. 'Suit' includes… [a]n arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent."

14. The Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

15. The "coverage territory" under the Policies includes the United States of America.

**II.     The Ricketts Arbitration**

16. Laura Ricketts, as the sole beneficiary with power of direction under the trust agreement dated April 15, 2010 and known as trust no. 8002354843, of which Chicago Title Land Trust Company is trustee, is the owner of the property located at 430 Sheridan Road, Wilmette, Illinois (the "Property").

17. In or around September 2012, Ricketts retained LG to act as general contractor with respect to the construction of a custom single-family home on the Property (the "Project"). LG served as general contractor on the Project until the home was completed in or around 2016.

18. LG engaged various subcontractors to perform work on the Project.

19. LG retained RDZ Stucco to provide hard coat stucco work for the Project. A copy of the subcontract between LG and RDZ Stucco is attached as **Exhibit 1**.

20. Pursuant to its subcontract, RDZ was required to furnish and install all stucco per plans and specifications and coordinate with LG and other subcontractors as required for layout and installation. Ex. 1 at LG0003-5. The subcontract between LG and RDZ Stucco was amended by various change orders that altered the scope of RDZ Stucco's work.

21. The subcontract also required RDZ Stucco to purchase and maintain, *inter alia*, liability insurance with a minimum limit of $1,000,000 and to identify LG as an additional insured on its policies of insurance during the relevant time period. Ex. 1 at LG0013.

22. RDZ Stucco performed work on the Project both prior to August 22, 2015 and, upon information and belief, in or after September 2015.

23. On or about August 1, 2019, Ricketts filed a demand for arbitration against LG. A copy of Ricketts' Amended Demand for Arbitration is attached as **Exhibit 2**.

24. Through her demand, Ricketts alleges that she moved into the home in "the late summer of 2015" (Ex. 2 ¶ 39) and seeks monetary damages arising from property damage occurring at that time and thereafter (*see id.* ¶¶ 40, 47).

25. Ricketts alleges, in relevant part, that various construction defects—including in areas where RDZ Stucco performed its work—have caused water infiltration and resultant damage

to multiple areas of the house. *See* Ex. 2 ¶¶ 49(m-n). Thus, the work performed by RDZ Stucco may have caused the damage claimed in the Ricketts Arbitration.

26. Ricketts alleges damage to property outside the scope of RDZ Stucco's work on the Project. *See* Ex. 2 at LG042-46.

**III. LG's Claim**

27. On or about October 7, 2019, LG demanded a defense and indemnification from RDZ Stucco and its liability insurer in connection with the Ricketts Arbitration. A copy of LG's letter tendering its defense to RDZ Stucco and its insurer(s) is attached as **Exhibit 3**.

28. On or about January 27, 2020, having received no response, LG again demanded a defense and indemnification from RDZ Stucco and its liability insurer in connection with the Ricketts Arbitration. A copy of LG's second letter tending its defense to RDZ Stucco and its insurer(s) is attached as **Exhibit 4**.

29. On or about July 22, 2020, RDZ Stucco tendered LG's defense in the Ricketts Arbitration to HDI. A copy of RDZ Stucco's tender letter is attached as **Exhibit 5**. With the letter, RDZ Stucco transmitted to HDI, *inter alia*, a copy of LG's January 27, 2020 tender letter, the demand in the Ricketts Arbitration, and the subcontract between LG and RDZ Stucco. *See* Ex. 5 at 1.

30. Consequently, HDI has been aware of the claims pending against LG in the Ricketts Arbitration since at least July 22, 2020.

31. In its July 22, 2020 letter to HDI, RDZ Stucco acknowledged that the demand filed in the Ricketts Arbitration "claims water leaks and water damage to various parts of the house including areas where the stucco was installed and in the pool room" and that "RDZ performed the stucco work" that may have caused the water leaks. *See* Ex. 5 at 2.

32. On or about September 9, 2020, HDI, through its third-party claim administrator, North American Risk Services (NARS), disclaimed "any potential defense and indemnity obligation owed to RDZ Stucco Enterprise, Inc." under the Policies. A copy of HDI's letter denying coverage for claims by RDZ Stucco is attached as **Exhibit 6**.

33. In its September 9, 2020 letter, HDI ignored LG's status as an additional insured under the Policies and the fact that RDZ Stucco had tendered LG's defense in the Ricketts Arbitration to HDI.

34. Despite having knowledge of the claims against LG since at least July 22, 2020, HDI has never responded to the tender of LG's defense in the Ricketts Arbitration.

35. Despite having knowledge of the claims against LG since at least July 22, 2020, HDI has not provided a defense on behalf of LG in the Ricketts Arbitration.

<u>**COUNT I**</u>
**DECLARATORY JUDGMENT**

36. LG incorporates the allegations of paragraphs 1 through 35 as though fully stated herein.

37. The Ricketts Arbitration asserts claims of property damage that may have been caused by RDZ Stucco's work on the Project.

38. The Ricketts Arbitration alleges that property other than RDZ Stucco's own work was damaged.

39. LG contends that the Ricketts Arbitration seeks monetary damages and other relief for "property damage" covered by the Policies.

40. LG contends that it is entitled to a defense against the claims asserted in the Ricketts Arbitration pursuant to the Policies.

41. LG's defense in the Ricketts Arbitration was tendered to HDI on or about July 22, 2020.

42. HDI failed to respond to the tender of LG's defense in the Ricketts Arbitration.

43. HDI has not provided LG with a defense against the claims asserted in the Ricketts Arbitration.

44. A justiciable controversy exists between LG and HDI as to HDI's duty to defend LG against the claims asserted in the Ricketts Arbitration.

WHEREFORE, Plaintiff LG seeks a declaration pursuant to 28 U.S.C. § 2201(a) that Defendant HDI is obligated to defend LG against the claims asserted against it in the Ricketts Arbitration and for such other relief as the Court deems just.

## COUNT II
## SECTION 155 CLAIM

45. LG incorporates the allegations of paragraphs 1 through 35 as though fully stated herein.

46. The Ricketts Arbitration alleges property damage caused by faulty work performed by RDZ Stucco during the relevant policy period.

47. The Ricketts Arbitration alleges property damage caused by RDZ Stucco's faulty work to property other than RDZ Stucco's work.

48. HDI has failed to respond to the tender of LG's defense in the Ricketts Arbitration and has refused to provide LG with a defense against the claims asserted in the Ricketts Arbitration.

49. HDI received timely notice of LG's tender of defense.

50. However, HDI failed to take a coverage position with respect to LG's tender of defense. Instead, HDI ignored the tender of defense.

51. By ignoring LG's tender of defense, HDI engaged in dilatory tactics to avoid its obligations to LG as an additional insured under RDZ Stucco's insurance policy.

52. LG has been prejudiced by HDI's deliberate indifference to LG's tender of the defense of the Ricketts Arbitration.

53. HDI's failing to respond to LG's tender of defense establish a pattern and practice of unreasonable claims handling and are unreasonable and vexatious within the meaning of 215 ILCS 5/155 and constitute bad faith.

WHEREFORE, LG asks that this Court grant judgment in its favor and against HDI and award it the statutory damages available pursuant to 215 ILCS 5/155 as well as its attorneys' fees and costs incurred in the prosecution of this claim, and for such other relief as this Court deems just.

Dated: October 31, 2023                                          Respectfully submitted,

                                                                 LG CONSTRUCTION GROUP LLC

                                                                 By: /s/ David B. Goodman
                                                                     One of its attorneys

David B. Goodman – dg@glgchicago.com
  ARDC No. 6201242
Kalli K. Nies – kn@glgchicago.com
  ARDC No. 6318089
Christopher S. Hoffmann – ch@glgchicago.com
  ARDC No. 6336052
Goodman Law Group | Chicago
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
Tel: (312) 626-1888